Edward Myhil seised in Fee devises the Premes in Question to his Daughter Eliz. for Life Rem’r of one Moiety to Edward Son of Lockey Myhil in Tail Male and of the other Moiety to Joshua Myhil in Tail Male with sev’l other Rem’rs over in Tail Retn’r to his own right Heirs. In which Will there is a Clause in these Words “ Whereas to my unspeakable Grief my Wife Ann did “ some Years past elope from me & hath ever since lived in *B162 “ Adultery & hath lately bore a Child of her Body I not having “ had carnal Knowledge of my said Wife for several Years last “ past Therefore I do not think fit to give or bequeath any Part “ of my Estate real or personal to my said Wife or her Child ” The Testor & his Wife Ann separated about 5 Years before his Death 2 Years she [153] lived at her Brothers Afterwards she removed to a House near Mallorys upon his Plantation about a Mile from the Testators where she lived three Years & about four Months before the Testators Death had a Child the Lessor of the Pit. born & soon after the Tes’tors Death she married Mallory Eliz. the Devisee for Life is dead and the Estates tail are all spent and the Lessor of the Pit. claims the Premises as in his Reverter as Heir at Law to the Testator The sole Point therefore in the Case is whethor the Lessor be a Bastard or not
It is evident from all the old Authoritys that by the Common Law if the Husband be within the four Seas i.e. within the Jurisdiction of the King of England & the Wife hath Issue such Issue is legitimate & no Proof shall be admitted that it is a Bastard unless the Husband be under an apparent Impossibility of Procreation as but eight Years old or the like. Bract, lib. 4. 278. 279. 1. Inst. 244. A. 1. Ro. Abr. 358. If a Woman elopes & lives in Adultery with another & has Issue this is no Bastard 1. Ro. Abr. 358. 4. 5. If a Feme Covert goes into another Country & takes Husband & has Issue by him the first Husband being within the Seas the Issue is mulier Ibid. 6.
It must be owned however that in later Times the general Rule I first laid down has been understood under some Limitation As if the Husband be without the four Seas all the Time of the Wifes going with child tho’ he happen to be within just at the Delivery the Child is a Bastard If there be a Divorce a mensa et thoro It shall be intended that due Obedience was paid to the Sentence and in that Case the Issue is Bastard unless Access is proved But if they live separately without Sentence Access shall always be presumed Yet if it is found by Verdict the Husband had no Access the Child will be a Bastard. 1. Sal. 122. 123. '
Upon the Reason & Principles of the Common Law I suppose if a Man be within this Colony & his Wife has Issue such Issue is legitimate unless under some of the Circumstances just now mentioned Now in this Case the Husband was within this Colony & lived within a Mile of the Wife & was under no Im *B163 possibility of Procreation IPere was no Divorce a -mensa et thoro Nor was the Separation by Compulsion of any Court but for any Thing that appears it might be by Consent at least it was without Sentence And in that Case Access is to be presumed unless the Jury find there was no Access & that is not found tho’ I remember that Point was much laboured at the finding of the Verdict
It will be argued perhaps from the Circumstances of this Case that it ought to be presumed there was no Access The Woman lived upon Mallorys Land & married him soon after her Husbands Death And the Testor in his Will declares that his Wife had eloped from him & had a Child in Adultery & that he had had no carnal Knowledge of her for several Years But I conceive all [154] these Circumstances avail nothing Access must be presumed unless the Jury find otherwise
Neither is there much in these Circumstances What because the Woman lived upon Mallorys Land & he married her soon after her Husbands Death Must it therefore be presumed they lived in Adultery together before Is there any Reason Justice or Charity in such Presumption But admitting that to be true that proves nothing as to the Husbands Access who might come to his Wife especially as they were so near notwithstanding the Adultery between her & Mallory which will not bastardise the Issue if true
Then as to the Testors Decl. in his Will Surely it won’t be pretended that is any Evidence or any Ground for a Presumption At this Rate the fair Sex will be in a very unhappy Scituation & they will have little Reason to boast of the Indulgence of our Laws to them It shall be in the Power of an ill natured Husband by a Blast of his Breath or Stroke of his Pen not only to ruin their Reputation but also deprive them & their Children of all their civil Rights By the same Rule that this Will is Evidence against the Legitimacy of the Children it would be also of the Wifes Elopement in case of Dower But such Testimony never sure was offered If the Man was alive he could not be a Witness nor would his Oath be taken How much less his Word A Mans Decl. in his Will was never yet thought any Proof of the Fact related There would be much the same reason in it in this Case as to Indict a Man for an Offence & then offer the Indictment as Evidence of the Offence for set aside this Will there is not a Sillable of the Wife’s living in Adultery in the *B164 whole Verdict or that the Husband had not Access It would therefore be absurd as well as full of Mischief & Inconvenience to look upon this Will as any Evidence as to this Point or at all to influence the Determination of it And I hope it will be entirely thrown out of the Question Vi. Mace. R. 439.
Sir J. R. -for the Deft,
insisted upon 2 Points
1. That the Lessor of the Pit. was a Bastard 2. If he was not [155] yet he was clearly excluded by the Intention of the Testator in his Will to take any Estate in the Premes He agreed the old Law to be as it was opened And sayed it was introduced by the Superstition of Rome upon the Opinion & Doctrine that Marriage was 'a Sacrament But that since the Reformation the Law had been otherwise taken That the Cases cited out of Rolle were all before the Reformation except that Fo. 358. 4. which was in the Star Chamber & therefore not of much Authority That Coke built upon the old Authorities but the Judges in later Times had exploded these barbarous & absurd Resolutions And cited a Case in 1717. out of a Book Pa. 94. concerning the Removal of a Bastard from one Parish to another where a Child born of a Wife was adjudged a Bastard tho’ she lived all the time in St. Andrews Parish the Husband in St. Brides — But note it appears in the Case the Husband & Wife had not seen one another & so within the Rule in Sal. 123 — He sayed that the Jury having found they separated 5 Years it must be intended there was no Access That a Negative was not to be proved & so the Jury could not find otherwise than they have
He agreed the Will if it stood single would not be Evidence but being supported by other Circumstances ought to be taken Notice of He cited the Case of Reason & Franter for the Murder of Mr. Lutterall State Tryals Vol. 6. Fo. Where Mr. Lutterells Declaration after he was wounded being his last Words was given in Evidence And that a Will was the last Words of a Man & ought to be believed especially where it was supported by other Circumstances And so concluded upon the whole that the Lessor was a Bastard
*B164 And then I take the Case to be very clear for if any Presumption is to be made it ought to be in Favour óf Legitimation which the Law always favours insomuch that in many Instances no Proof will be admitted ag’t it As if a Child is born but one Day aftera the Marriage & the Child was begot by another such Child is legitimate & no Proof or Averment will be admitted ag’t the Legitimacy 1. Ro. Abr. 358. 2. 3. This is certainly as hard a Case, as where a Man & his Wife live separate but public Convenience makes such Institutions necessary & the Judges in their Determinations inviolably adhere to them The Point of Bastardy & Legitimacy depending altogether upon the particular Laws of each Society & differing almost in every Country
To the 2. Point he sayed it was clearly the Intention of the Tes’tor that the Lessor of the Pit. should take nothing And therefore by the Remainder to his right Heirs, he must intend his next Heir exclusive of the Lessor And so the Person who was such next Heir might take by that Remainder and that right Heir in this Case was only Descriptio personae He sayed the Rule laid down by Coke 1 Rep. 103. Shelleys Case & 1. Inst. 24. b. 2(5 b. & 1(54 a. that a Person who will take as Heir by Purchase must be a compleat right Heir was only Cokes Opinion & was a groundless Distinction inconsistent with Right, Reason & common Sense That in Wills the Intention of the Testator is to govern And therefore an Heir Male might take by a Devise tho’ he was not a compleat Heir if it appeared to be the Intention in the Will And for this cited 2. Vern. 732. Newcomen & Barkham
To the 2. Point it was answered for the Pit. that so wild an Argument could not be expected & therefore nothing had been sayed upon this Head That the Lessor claimed nothing by the Will but was in by Descent That no one could take any Estate by Force of the Remainder to the Tes’tors right Heirs that Remainder being void That it was one of the most known & settled Rules in Law where a Man makes a Gift in tail Remainder to his right Heirs such Remainder is void. 1. Inst. 22. b. So it was in this Case And the Reversion is indisputably in the Heir at Law of the Devisor ’• ■ “ • 't
[156] But admitting the Remainder good The Rule of Law wherever a Person will take as Heir by Purchase he must be a compleat Heir (however slighted) is an established Rule & was never denied & has not only Cokes Authority but Dy. 274. Hob. 31. It must be owned however that in Devises a Man may sometimes take as Heir or Heir Male without being a compleat Heir either from the apparent Intention of the Testor that such a particular Person thall take or where the Word Heir &c. is taken only as Descriptio •persones 1. Ven. 372. Pibus & Mitford 2. Ven. 311. Jones & Richardson. 2. Cases cited in 2. Vern. 732, supra. And that Case in Vernon which is no more than this that one as Heir Male tho’ not Heir general may take by the name of Heir Male as a suffic’t Description of the Person the Testors Intention appearing to be so If it could be pointed out in this Case who the Tes’tor intended by his right Heir these Cases might be somewhat applicable But without that they are nothing to the Purpose However that be the Remainder here in its Creation was void & the Reversion undisposed of by the Will which descended to the Heir at Law upon the Testors Death & accordingly we claim it as Heir
Judgm’t Oct. 1735. that the Lessor was a Bastard And that he was excluded by the Will per totam Curiam
Vide Sir J. Randolph’s Argument Fr. Pit. No. 52.